MARY MC DONALD, PETITIONER-RESPONDENT, v. UNION NEWS COMPANY, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 26, 1968—Decided March 20, 1968.

Before Judges KILKENNY, CARTON and COLLESTER.

*Mr. Paul B. Thompson* argued the cause for appellant (*Messrs. Lamb, Blake, Hutchinson & Dunne,* attorneys).

*Mr. James J. Bannon, Jr.,* argued the cause for respondent.

The opinion of the court was delivered by

KILKENNY, J. A. D.   The Division of Workmen's Compensation made a substantial award in favor of petitioner on March 27, 1967. Respondent employer took a timely appeal to the Essex County Court on May 1, 1967, and on the same date ordered a transcript of the testimony from the reporter. When the transcript was not forthcoming, a consent order was entered on May 31, 1967 extending until June 3, 1967 the time within which to file the transcript.

On September 15, 1967 petitioner moved to dismiss the appeal on the ground that the transcript had not been filed within the time limited by the rules of the court. Respondent

filed a cross-motion to further extend the time for filing the transcript. Its motion was supported by an affidavit showing that the delay in filing the transcript was without fault on its part and due solely to the fact that the reporter had left the employ of his employer and his whereabouts had become unknown. A private detective had been engaged to locate him; he had been located; and the transcript would be prepared as soon as possible, (It has meanwhile been obtained, as disclosed at oral argument).

The County Court took the position that it had no power to grant any further extension of time under the rules and dismissed the appeal. Respondent employer appeals from this order of dismissal.

*R. R.* 5:2–5(b), dealing with appeals to the County Court from judgments of the Division of Workmen's Compensation, provides in pertinent part:

"The appellant shall, within 15 days after filing the notice of appeal unless the court by order extends the time to not exceeding a total of 30 days, file * * * a copy of the transcript * * *."

The County Court reasoned that because the rule limited an appellant to a single extension "not exceeding a total of 30 days," and such an extension having been had, no further extension of time could be granted.

*R. R.* 5:2–5(b) is not to be so narrowly construed. The provision is aimed at a speedy disposition of appeals in workmen's compensation cases. But as we said in *Diven v. H. & L. Farms,* 79 *N. J. Super* 504 (*App. Div.* 1963), certification denied 41 *N. J.* 116 (1963):

"The provisions of *R. R.* 5:2–5 are not mandatory or inflexible. * * * That very subsection permits of an extension. And *R. R.* 1:27A, dealing with relaxation of rules, is always available in a proper case. Further, *R. R.* 5:2–5(e) does not compel dismissal of a County Court appeal; the language of the rule is that any such appeal 'may' be dismissed."

To the same effect, see *Conklin v. Automotive Conveying of N. J.,* 71 *N. J. Super.* 153 (*App. Div.* 1961).

■ Since the failure to file the transcript on time was not due to any lack of diligence, or neglect on the part of appellant or its counsel, the County Court should have invoked its power under *R. R.* 1:27A and extended the time for the filing of the transcript. Strict adherence to the time provision of *R. R.* 5:2–5(b) would work a manifest injustice to the appellant.

The order of dismissal is reversed. The appeal is reinstated. Respondent employer will file the transcript forthwith and the matter will proceed in the County Court as further provided in the rules.